214. Under the facts and circumstances present herein, adhering to the fiction of separate entities would sanction a fraud and/or promote injustice, because Plaintiff and the Class Members, as victims of Defendants' wrongdoing, would suffer injury.

215. In light of the foregoing, Plaintiff and the Class Members are entitled to a judgment against Defendants jointly and severally, in a sum according to proof at trial, plus interest at the maximum rate allowed by law and reimbursement of costs.

## COUNT VI – UNREGISTERED OFFER AND SALE OF SECURITIES IN VIOLATION OF FLA. STAT. §§ 517.011, et seq.

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 156 above, and further alleges:

216. The TEZOS ICO called for an investment of money or assets by Plaintiff and the Class Members -- specifically, the Bitcoin, Ether, and other assets of value transferred to Defendants in exchange for the non-functional Tezzies issued by Defendants.

217. The funds paid by Plaintiff and the Class Members were pooled by Defendants in the project in an effort by Defendants to secure a profit for themselves and the Plaintiff Class. As a result, the Plaintiff Class -- as the investors -- shared in the risks and benefits of the investment scheme.

218. Plaintiff and the Class Members relied upon, and were dependent upon, the expertise and efforts of Defendants for their investment returns.

219. Plaintiff and the Class Members expected that they would receive profits from their investments in Defendants' efforts.

220. Tezzies constitute investment contracts and are therefore subject to the Florida Blue Sky Laws, including the registration requirements of Fla. Stat. § 517.07.

SILVER MILLER
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

221. No registration statements have been filed with the Florida Office of Financial Regulation or have been in effect with respect to any of the offerings alleged herein.

222. Similarly, no exemption from registration exists with respect to the TEZOS ICO.

223. By reason of the foregoing, Defendants have violated Fla. Stat. §§ 517.07, *et seq.*

224. Defendants KATHLEEN BREITMAN and ARTHUR BREITMAN are subject to liability under Fla. Stat. §§ 517.07 and 517.211 because they solicited and otherwise personally participated and aided the sale to Plaintiff and the Class Members of the Tezzies at issue herein.

225. As a direct and proximate result of Defendants' unregistered sale of securities, Plaintiff and the Class Members have suffered damages in connection with their respective purchases of Tezzies securities in the TEZOS ICO.

## COUNT VII – FRAUD IN THE OFFER AND SALE OF SECURITIES IN VIOLATION OF FLA. STAT. §§ 517.011, *et seq.*

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 156 above, and further alleges:

226. Fla. Stat. § 517.301 makes it unlawful for anyone, in connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment or security: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

227. Defendants conducted an unlawful sale of securities as defined in Fla. Stat. §§ 517.011, et *seq.*

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

228. More specifically, in connection with the offer to sell a security or investment to Plaintiff and the Class Members, Defendants:

    (a) employed a scheme to defraud Plaintiff and the Class Members;

    (b) obtained Plaintiff's and the Class Members' invested funds and assets by means of untrue statements of material fact; and

    (c) engaged in transactions and a course of business which operated as a fraud or deceit upon Plaintiff and the Class Members.

229. As Defendants intended, Plaintiff and the Class Members justifiably relied upon the multiple material misrepresentations Defendants made to Plaintiff and the Class Members in the course of their solicitations in connection with Plaintiff's and the Class Members' investments in the TEZOS ICO.

230. As a direct and proximate result of Defendants' violations of Fla. Stat. §§ 517.011, *et seq.*, Plaintiff and the Class Members have suffered damages.

231. Defendants each participated in, or aided in, the unlawful procurement of Plaintiff's and the Class Members' investments in the TEZOS ICO.

232. Plaintiff and the Class Members are entitled to an award of attorneys' fees pursuant to Fla. Stat. § 517.211.

### COUNT VIII – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, CHAPTER 501, § 211(1), FLA. STAT. ("FDUTPA")

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 156 above, and further alleges:

233. Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiff and the Class Members in

this case, from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce.

234. Plaintiff and the Class Members are "consumers" within the meaning of Fla. Stat. § 501.203(7).

235. By soliciting investor funds in the manner in which they did, Defendants engaged in "trade and commerce" within the meaning of Fla. Stat. §501.203(8).

236. While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference the Federal Trade Commission's interpretations of these terms. The FTC has found that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

237. The federal courts have defined a "deceptive trade practice" as any act or practice that has the tendency or capacity to deceive consumers and have defined an "unfair trade practice" as any act or practice that offends public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

238. Moreover, as the securities laws are designed for consumer protection and "proscribe[ ] unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices," a violation of the securities laws is a *per se* violation of FDUTPA.

239. Defendants' acts and omissions of representing to Plaintiff and the Class Members that, among other things:

> (a) TEZOS's applications had been recognized and adopted by several well-known and well-established companies;
>
> (b) TEZOS's network would be fully functional shortly after the ICO;
>
> (c) DLS would timely sell its shares to THE FOUNDATION shortly after the ICO

- 44 -

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

constitute both deceptive and unfair trade practices because the false representations and omissions made by Defendants have a tendency or capacity to deceive consumers, such as Plaintiff and the Class Members, into investing in TEZOS's falsely-touted business and are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

240. As a result of Defendants' deceptive trade practices, Plaintiff and the Class Members were deceived into investing their money with a company that functioned solely as an engine of fraud -- thus causing significant economic damage to Plaintiff and the Class Members.

241. The materially false statements and omissions as described above, and the fact that this was a misleading investment, were unfair, unconscionable, and deceptive practices perpetrated on Plaintiff and the Class Members which would have likely deceived a reasonable person under the circumstances.

242. Defendants were on notice at all relevant times that the false representations of material facts described above were being communicated to prospective investors (such as Plaintiff and the Class Members) by their authorized agents.

243. As a result of the false representations and violations of the securities laws described above, Plaintiff and the Class Members have been damaged by, among other things losing their invested capital.

244. Plaintiff and the Class Members have also been damaged in other and further ways subject to proof at trial.

245. Therefore, Defendants engaged in unfair and deceptive trade practices in violation of Section 501.201 *et seq.*, Fla. Stat..

246. Pursuant to Sections 501.211(1) and 501.2105, Fla. Stat., Plaintiff and the Class Members are entitled to recover from Defendants the reasonable amount of attorneys' fees Plaintiff and the Class Members have had to incur in representing their interests in this matter.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff ALEJANDRO GAVIRIA, individually and on behalf of all others similarly situated, respectfully prays for relief as follows:

(a) A declaration from this Court that this action is a proper class action, including certification of the proposed Class, appointment of Plaintiff as the class representative, and appointment of Plaintiff's counsel as class counsel;

(b) A judgment awarding Plaintiff and the Class Members equitable restitution, including, without limitation, rescission of the terms of the TEZOS ICO, restoration of the *status quo ante*, and return to Plaintiff and the Class Members all cryptocurrency or fiat currency paid to Defendants in connection with the ICO as a result of Defendants' unlawful and unfair business practices and conduct;

(c) An award of any and all additional damages recoverable under law -- jointly and severally entered against Defendants -- including but not limited to compensatory damages, punitive damages, incidental damages, and consequential damages;

(d) Pre- and post-judgment interest;

(e) Attorneys' fees, expenses, and the costs of this action; and

(f) All other and further relief as this Court deems necessary, just, and proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:   (954) 516-6000

By: /s/ David Silver

DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@SilverMillerLaw.com

- and -

**WITES LAW FIRM**
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone:   (954) 570-8989
Facsimile:   (954) 354-0205
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com

*Counsel for Plaintiff*

Dated: November 9, 2017